SOUTHERN NEW ENGLAND TELEPHONE COMPANY *v.* CRAMPTON'S DIVISION OF COLUMBIA PRODUCTS, INC.

CIRCUIT COURT             SIXTH CIRCUIT
FILE No. CV 6-635-19547

Memorandum filed November 1, 1965

*Irving H. Perlmutter,* of New Haven, for the plaintiff.

*Andrew M. DiPietro, Jr.,* of New Haven, for the defendant.

DiCENZO, J.   Plaintiff brought this action by common count writ on April 1, 1965.  The deputy sheriff's return states that an attachment of the property of the defendant was made on April 1, 1965, and by special direction of plaintiff's attorney a statutory bond in lieu of said attachment was accepted by the deputy sheriff.  The defendant's attorney endorsed a consent to a late return of the common count writ.  On June 1, 1965, a substituted complaint was entered, and on July 22, 1965, a default was noted for failure to plead.  On August 2, 1965, a motion for a hearing in damages was filed.  The file discloses an affidavit of debt under date of August 11, 1965.  On September 17, 1965, a motion to stay proceedings was filed by the defendant in which the defendant alleged that on September 1, 1965, it had filed a petition in bankruptcy, in which petition it duly listed the claim of the plaintiff herein, and requested the court to stay further proceedings until it is determined whether or not the defendant receives a discharge in bankruptcy.  The issue is whether this court should grant the defendant's motion to stay proceedings or deny the stay and enter judgment.

The deputy sheriff's return on the writ, coupled with counsel's consent to a late return, clearly indicates a valid attachment and the substitution of a bond in lieu of the attachment as of April 1, 1965. There is no dispute that the defendant's petition in bankruptcy was filed on September 1, 1965. The petition in bankruptcy was filed after four months from the effective date of the attachment lien, and consequently the lien was not within the scope of § 67 (a) (1) of the Bankruptcy Act. 52 Stat. 875, as amended, 11 U.S.C. § 107 (a) (1).

If the defendant in the instant case is discharged in bankruptcy, the court could grant the plaintiff a limited special or qualified judgment so that the surety could be reached. However, it does not appear that as of the date of the arguments on the motion to stay proceedings the defendant had been so discharged. The question then before the court is whether or not, under the present circumstances, the plaintiff is entitled to a special judgment.

"A special judgment is not rendered, as a matter of course, whenever a general judgment is impossible. Ordinarily such judgment would be of no avail, and a meaningless form. There may be situations, however, in which it becomes an indispensable means to an end which the plaintiff is in justice and right entitled to reach. He may have a legal right which he can enforce only through the medium of such a judgment; he may have some security for what is his due of which he cannot avail himself without its aid as a part of the remedial process; or he may have some equity which will be lost to him, if the judgment is denied him. It is in such cases as these, where otherwise the ends of justice cannot be met, rights acquired preserved, or equities protected, that a court will render a special judgment." *Schunack* v. *Art Metal Novelty Co.,* 84 Conn. 331, 339, and cases there cited.

Upon the facts as they appear in this record, the plaintiff is entitled to a special judgment. The motion to stay proceedings is denied, and a special judgment is entered for the plaintiff as follows: In the event the defendant does not receive a discharge in bankruptcy in Bankruptcy Proceeding No. 33048, or in the event that plaintiff's claim herein is not discharged in said bankruptcy proceeding because it is a claim not dischargeable in bankruptcy, then judgment is entered for the plaintiff generally in the sum of $1259.25 plus costs of said action. If, on the other hand, the defendant is discharged in bankruptcy and the plaintiff's claim herein is discharged, then a special and qualified judgment shall enter against the defendant limited to and for the purpose of proceedings against the surety on the statutory bond referred to in the deputy sheriff's return in this action, and such judgment only.

Judgment shall be entered accordingly.